## WELLCOME *v.* RILEY.

The plaintiff declared against Mrs. Riley, the defendant, upon a promissory note, as having been signed by her jointly with one James L. Riley, her husband, then in full life, but since deceased. Upon demurrer, *held*, that the declaration was insufficient, and that the plaintiff must go further, and set forth such facts and circumstances as will show her liable, notwithstanding her coverture.

ASSUMPSIT, by Abner P. Wellcome against Elizabeth W. Riley. The declaration alleged "that the defendant, at said Newport, on October 4, 1870, by her note of hand of that date, by her jointly subscribed with one James L. Riley, her husband, then in full life, but since deceased, for value received, promised the plaintiff to pay him, or bearer, fifty dollars fifty cents, on demand, with interest annually."

To this declaration the defendant demurred, and the court sustained the demurrer. The plaintiff excepted, and the questions of law were reserved.

*S. H. Edes*, for the plaintiff, cited 1 Parsons on Notes and Bills 176, 250, and notes.

*A. Edes*, for the defendant, cited and commented on Bac. Abr., Barron & Femme, L. & H.; 1 Chi. Pl. 470, 479; 1 Parsons on Bills and Notes 78 and 79; *Ela* v. *Card*, 2 N. H. 177; *Bailey* v. *Pearson*, 29 N. H. 77; *Ames* v. *Foster*, 42 N. H. 381, 385; *Matthews* v. *Puffer*, 19 N. H. 448; *Leach* v. *Noyes*, 45 N. H. 364; *Eaton* v. *George*, 40 N. H. 258; *Shannon* v. *Canney*, 44 N. H. 592; *Leslie* v. *Harlow*, 18 N. H. 518; *Jordan* v. *Cummings*, 43 N. H. 134; and *Carleton* v. *Haywood*, 49 N. H. 314.

SARGENT, J. At common law, the note of a married woman was absolutely void, and whether she signed it alone or jointly with her husband, it was, in either case, so far as she was concerned, a mere nullity, unless her right were shown in the instrument. *Leslie* v. *Harlow*, 18 N. H. 518; *Ames* v. *Foster*, 42 N. H. 381; *Jordan* v. *Cummings*, 43 N. H. 134; *Shannon* v. *Canney*, 44 N. H. 592; *Carleton* v. *Haywood*, 49 N. H. 314, and other cases cited in the defendant's brief.

The rule is laid down, in *Jordan* v. *Cummings*, 43 N. H. 134, for a married woman who is plaintiff, that where she states no separate cause of action, the defendant may plead her coverture in abatement, and she must reply the facts which enable her to sue alone. If her declaration shows that she has a husband living here, and a cause of action in her husband, or in the husband and wife jointly, at common law, a demurrer will lie, unless the declaration sets out also the facts which entitle her to sue alone.

And when the married woman is defendant, and nothing is said in the declaration about her being such married woman, if such was the fact at the time the note was given, she may plead coverture; and the plaintiff may reply, stating the circumstances on which he relies to hold her upon the promise, notwithstanding the coverture. *Ames* v. *Foster*, 42 N. H. 381. And if such replication states facts sufficient to show her liable, and such facts are admitted or proved, the plaintiff will have judgment; but if such facts so stated in the replication are not sufficient to show her liable under some statute, then a demurrer to the replication will be sustained. *Bailey* v. *Pearson*, 29 N. H. 77.

In this case the plaintiff declares against the defendant on a promis-

sory note, which he alleges, in the declaration, she signed while she was a married woman, having a husband then alive, though since deceased.  He thus states the coverture which, at common law, is a perfect answer to her liability on the note.  He thus has stated just enough to defeat his action upon the note, unless he goes further and states other facts on which he can rely to charge her, notwithstanding the coverture, which he has not done in this case.  He has simply stated enough to show that he has no case.  He stands as though he had declared against the defendant generally, and she had pleaded her coverture.  Then he must reply other facts, which should avoid the effects of the coverture.  His declaration, as it stands, shows no claim against the defendant; and there must be judgment for the defendant upon the demurrer, unless the plaintiff amends by stating facts, if he can, which will show the defendant liable upon the note, notwithstanding her coverture.  *Carleton* v. *Haywood,* 49 N. H. 314.

*Demurrer sustained.*